**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Eric CARDONA, Defendant–**
**Appellant.**

No. 05–11435
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

Lynn V. Hastings, Assistant U.S. Attorney, Susan B. Cowger, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Pursuant to a plea agreement, George Eric Cardona pleaded guilty to mail fraud and money laundering. He was sentenced to 75 months of imprisonment as to each count, to be served concurrently, and to a three-year term of supervised release. In his plea agreement, Cardona reserved the right to challenge his sentence under *United ed States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Cardona argues that he is entitled to resentencing under *Booker* because the district court enhanced his sentence based on facts that were not found by a jury or proven beyond a reasonable doubt. Although Cardona was sentenced after the decision in *Booker,* he contends that he was sentenced under a mandatory guidelines scheme because this court in *United States v. Mares,* 402 F.3d 511 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), effectively made the Guidelines mandatory by requiring a district court to make "specific finding[s]" when imposing a sentence outside the guideline range.

After *Booker,* "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *Mares,* 402 F.3d at 519. Therefore, to the extent Cardona contends that the district court was precluded from enhancing his sentence based on facts that had not been either admitted by him or found beyond a reasonable doubt by a jury, his argument is untenable. Further, Cardona's argument that this court's decision in *Mares* effectively made the Guidelines mandatory is unavailing. In *Mares,* this court noted that the *Booker* Court left intact 18 U.S.C. § 3553(c), which requires a district court to explain the *reasons* for imposing a particular sentence, including one outside the guideline range. *See Mares,* 402 F.3d at

---

519 n. 8. Accordingly, Cardona's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.